IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tonya Anderson, | ) | CASE NO. 1:22 CV 1304 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| Judge Hollie L. Gallagher, *et al.*, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Introduction

*Pro se* plaintiff Tonya Anderson has filed an *in forma pauperis* civil complaint in this action against Cuyahoga County Court of Common Pleas Judge Hollie L. Gallagher and attorney Robert G. Friedman. (Doc. No. 1.) Although her complaint is unclear and does not set forth clear factual allegations or legal claims, it pertains to two state-court cases: (1) a *pro se* action plaintiff filed in state court challenging an agency's determination regarding her entitlement to child support and over which Judge Gallagher presided, *Tonya Anderson v. Ohio Department Job and Family Services*, No. CV-20-927696 (Cuy. Cty. Ct. of Comm. Pls), and, (2) an eviction action brought against plaintiff in Cleveland Municipal Court in which Mr. Friedman represented the party seeking eviction. *Puritas Avenue Associates Ltd. Ptshp v. Anderson*, 2018 CVG 004283 (Cleveland Mun. Ct. Housing Division).

It appears plaintiff contends Judge Gallagher is liable to her in the handling of her case and/or

dismissing her case without holding a hearing, and that Mr. Friedman violated her rights in garnishing her wages in connection with the eviction action. She seeks monetary relief.

With her complaint, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

## Standard of Review

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). Although detailed factual allegations are not required, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Pursuant to Rule 8(a)(2)

of the Federal Rules of Civil Procedure, a pleading must set forth a "short and plain statement of a claim showing that the pleading is entitled to relief." *Iqbal*, 566 US. at 678.

## Analysis

Upon review, the Court finds plaintiff's complaint must be dismissed.

As an initial matter, plaintiff's complaint is subject to dismissal because it fails to meet basic pleading requirements and fails to set forth allegations sufficient to suggest she has any plausible federal claim or cause of action against either defendant upon which she may be granted relief. Even liberally construed, the unclear and conclusory statements and allegations set forth in her pleading fail to state any plausible federal civil claim. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, to the extent plaintiff may be attempting to assert federal civil rights claims under 42 U.S.C. § 1983, her complaint is subject to summary dismissal. Judges are entitled to absolute immunity from suit based on their judicial acts even if they acted erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute judicial immunity is overcome in only two sets of circumstances, if the judge's actions were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Id.* at 11–12. Plaintiff has not alleged facts plausibly suggesting that Judge Gallagher took any action falling outside of the scope of her absolute judicial immunity in connection with the state court case over which she presided.

Nor has plaintiff alleged a plausible § 1983 claim against Mr. Friedman. To state a claim under § 1983, a plaintiff must demonstrate that she was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Bomer v.*

*Mueckenheim*, 75 Fed. Appx. 998, 999 (6th Cir. 2003). Plaintiff has not alleged a plausible federal right violated by Mr. Friedman, or facts demonstrating that he is a state actor.

Finally, to the extent plaintiff is asking this Court to overturn or interfere with state court proceedings or judgments, this Court lacks jurisdiction. The *Rooker-Feldman* doctrine precludes a federal court from hearing challenges to state court judgments and claims that are "inextricably intertwined" with state court judgments. *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003).

### Conclusion

Based on all of the foregoing, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2022